IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THOMAS HAGY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:25-cv-100 (MTT) |
| SOUTHERN INSURANCE COMPANY OF VIRGINIA, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiffs' motion to withdraw admissions and set aside Defendant's motion for summary judgment. ECF 20. For the reasons explained below, Plaintiffs' motion (ECF 20) is **GRANTED,** and the Court **DENIES** without prejudice Defendant's motion for summary judgment (ECF 14).

### I.  BACKGROUND

Plaintiffs Thomas and Teresa Hagy insured their property with Southern Insurance Company of Virginia ("Southern"). ECF 9 ¶¶ 5–7. They seek recovery against Southern for losses sustained on the property following a plumbing system failure. *See* ECF 9. Southern paid Plaintiffs $5,000, but Plaintiffs allege they are entitled to more under the insurance policy. *Id.* ¶¶ 16, 23. They brought suit against Southern for breach of contract and bad faith. *Id.* ¶¶ 21–41.

Southern served Plaintiffs with Requests for Admissions. *See* ECF 14-2 ¶ 2. Some of Southern's requested admissions are dispositive of the claims in this case. *See* ECF 14-1. For example, Southern requested Plaintiffs admit "Southern has issued payment for the full amount of coverage available under the policy for the claimed loss,"

which goes to the heart of Plaintiffs' breach of contract claim. ECF 14-1 ¶ 5. Southern also requested Plaintiffs admit, "Southern has not been guilty of any bad faith in relation to [Plaintiffs'] claimed loss." *Id.* ¶ 10.

Plaintiffs failed to timely respond to Southern's requests. Consequently, Southern's Requests for Admissions were deemed admitted under Federal Rule of Civil Procedure 36(a)(3),[1] and Southern filed a motion for summary judgment, relying on Plaintiffs' deemed admissions. *See* ECF 14. Plaintiffs also failed to respond to Southern's motion for summary judgment.[2] Shortly before the close of discovery, Plaintiffs moved to withdraw their deemed admissions and set aside Southern's motion for summary judgment. *See* ECF 20.

## II.  STANDARD

Courts follow a two-part test when ruling on a motion to withdraw or amend admissions under Federal Rule of Civil Procedure 36(b). *See Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002); *King v. Truist Bank*, 2025 WL 2814699, at *1 (11th Cir. Oct. 3, 2025). A court should (1) "consider whether the withdrawal will subserve the presentation of the merits" and (2) "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez*, 297 F.3d at 1264. Rule 36(b)'s withdrawal provision "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party

---

[1] Under Rule 36(a)(3), a party to whom Requests for Admission are directed must answer or object to the requests within thirty days, or the matter will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

[2] Plaintiffs' initial counsel of record left the firm representing Plaintiffs, which somewhat explains, but does not excuse, Plaintiffs' failure to prosecute this case. ECF 20 at 1–2.

that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment.

## III.  DISCUSSION

### A.  Withdrawing Admissions

#### 1. Presentation of the merits

The first part of the test for withdrawing admissions is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Here, Plaintiffs' deemed admissions, unless withdrawn, dispose of this case in its entirety. *See* ECF 14, 14-1. The deemed admissions provide that Southern has paid the full amount of coverage available under the insurance policy for the claimed loss, disposing of Plaintiffs' breach of contract claim, and that Southern has not engaged in bad faith in relation to Plaintiffs' loss, disposing of Plaintiffs' bad faith claim. ECF 14-1 ¶¶ 5, 10. Because upholding these admissions would eliminate any presentation of the merits of this case, part one of the test for withdrawing admissions is satisfied.

Southern argues Plaintiffs have not sufficiently articulated in their briefing how withdrawing their admissions would subserve the merits. ECF 21 at 5–7. Southern points to *King*, where the Eleventh Circuit held a district court did not abuse its discretion in denying a *pro se* plaintiff's motion to withdraw his admissions where the plaintiff's motion "stated only that the withdrawal would subserve presentation of the merits" because "these admission[s] address [] nearly all the essential elements of the claim." 2025 WL 2814699, at *1. The plaintiff in *King* failed to "identify which admissions he sought to withdraw, explain how he would have answered, or discuss how his

withdrawal would aid in developing the merits of his case." *Id.* Unlike the plaintiff in *King*, Plaintiffs here have identified specific admissions that go to the merits of their case, attached an exhibit with their proposed amended admissions, and have explained how withdrawal will allow their theory of recovery—that additional payment is owed under the terms of the insurance policy—to proceed on the merits. *See* ECF 20 at 5–8; ECF 20-1. In short, Plaintiffs have sufficiently demonstrated that withdrawal subserves presentation of this case on the merits.[3]

### 2. Prejudice to the non-moving party

The Court next considers whether allowing withdrawal would prejudice Southern in its presentation of the case. *See Perez*, 297 F.3d at 1264. Prejudice is not "simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* at 1266 (quoting *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988)). Rather, prejudice "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id.* (quoting *Smith*, 837 F.2d at 1578). Thus, "a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Id.* at 1267.

Here, Plaintiffs filed their motion to withdraw admissions near the close of discovery after largely failing to engage in discovery throughout the discovery period.

---

[3] Southern also seems to argue that allowing Plaintiffs to withdraw their admissions would not subserve presentation on the merits because Plaintiffs do not intend to dispute the terms of the insurance policy, only the policy's meaning. ECF 21 at 6. But whether the insurance policy limits Plaintiffs' recovery in this case to $5,000 is a merits question that Plaintiffs seek to dispute by withdrawing their admissions. *See* ECF 20 at 5–8.

*See* ECF 12; ECF 20; ECF 21 at 8. Southern argues it relied on Plaintiffs' deemed admissions to prepare a defense strategy, foregoing opportunities to develop discovery such that Southern will be prejudiced if the Court permits withdrawal so near the close of discovery. ECF 21 at 8. Absent a discovery extension, Southern may very well face prejudice due to a sudden need to obtain evidence prior to trial. But Plaintiffs offered to extend discovery, and the Court has extended the discovery period commensurate with the lapse of Plaintiffs' engagement in the discovery process. *See* ECF 20 at 2; ECF 22. Southern has not offered any other reason why allowing withdrawal would create difficulties for Southern in proving its case, nor can the Court discern one. *See* ECF 21. Accordingly, the second part of the test for withdrawing admissions is also satisfied.

That said, if the test were whether Plaintiffs' conduct in this case merits withdrawal, this would be a different order. Plaintiffs not only failed to respond to Requests for Admissions but also failed to diligently prosecute this case by complying with the Court's discovery orders. But the neglect of Plaintiffs' lawyers is not alone enough to support a denial of Plaintiffs' motion to withdraw. *See Perez*, 297 F.3d at 1266 (explaining the district court abused its discretion by denying a motion to withdraw admissions for "utter neglect" and "flagrant disregard for the Federal Rules of Civil Procedure" without reference to the two-part test from Fed. R. Civ. P. Rule 36(b)). Because permitting withdrawal here allows for the presentation of this case on the merits and does not prejudice Southern, Plaintiffs' motion to withdraw its admissions (ECF 20) is **GRANTED**.

### B. Defendant's Motion for Summary Judgment

Southern's motion for summary judgment is supported almost entirely by Plaintiffs' deemed admissions. *See* ECF 14. Indeed, Southern's statement of material facts cites almost exclusively to Plaintiffs' deemed admissions. *See* ECF 14-4. Accordingly, the Court **DENIES** without prejudice[4] Southern's motion for summary judgment (ECF 14).

### IV.  CONCLUSION

Plaintiffs' motion to withdraw admissions (ECF 20) is **GRANTED**. Defendant's motion for summary judgment (ECF 14) is **DENIED** without prejudice.

**SO ORDERED**, this 23rd day of January, 2026.

>                    S/ Marc T. Treadwell
>                    MARC T. TREADWELL, JUDGE
>                    UNITED STATES DISTRICT COURT

---

[4] To the extent Southern argues it is still entitled to summary judgment in light of Plaintiffs' amended response to Southern's Request for Admissions, Southern may again move for summary judgment.